## UNITED STATES DISTRICT COURT
## FOR
## THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA SMITH** | * |
| | * |
| **VS** | * |
| | * |
| **SID GAUTREAUX, III IN HIS** | * |
| **CAPACITY AS SHERIFF OF EAST** | * |
| **BATON ROUGE PARISH, EAST** | * |
| **BATON ROUGE SHERIFF OFFICE,** | * |
| **AND AARON JOHNSON** | * |

## <u>PETITION FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsels come the Plaintiff, Joshua Smith (hereinafter referred to as "Mr. Smith" or "Joshua"), a person of full age and of majority resident and domicile in East Baton Rouge Parish, respectfully represents to this Court the following:

1.

Made Defendants are as follows:

    a)      Sid Gautreaux in his capacity as Sheriff of East Baton Rouge Parish, a person of full age and of majority who is the elected Sheriff of East Baton Rouge Parish;
    b)      East Baton Rouge Parish Sheriff Office, a political subdivision of East Baton Rouge Parish who has the exclusive control over the East Baton Rouge Parish Prison;
    c)      Aaron Johnson, a person of full age and of majority, both resident and domicile in East Baton Rouge Parish

### <u>STATEMENT OF VENUE AND JURISDICTION</u>

2.

This court is the appropriate venue due to the fact that the events that give rise to this action took place in the Middle District.

3.

This Court has jurisdiction over this matter due to the fact this matter is brought under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution.

**FACTS**

4.

Joshua Smith was in the custody of the East Baton Rouge Sheriff Office (EBRSO) at the Parish Prison on March 26, 2023.

5.

While in the custody of EBRSO, Mr. Smith was involved in an altercation with a EBRSO Deputy Aaron Johnson.

6.

According to the Affidavit for Probable Cause, during this dispute EBRSO deputy Aaron Johnson smashed our client in the face with a metal folding chair causing him injuries which required immediate medical attention.

7.

When questioned by investigators, Deputy Johnson denied hitting Mr. Smith with the chair.

8.

However, three (3) witnesses offered a different account, two (2) observed Deputy Johnson "raring back holding the chair" and the third observed Johnson hitting Mr. Smith in the face.

9.

Deputy Johnson was subsequently arrested for Aggravated 2nd Degree Battery and Malfeasance in Office.

10.

The East Baton Rouge Parish District Attorney's Office filed a Bill of Information charging Johnson with Aggravated 2nd Degree Battery and Malfeasance in Office on July 14, 2023.

11.

According to the emergency room medical records and information provided to the EBRSO investigators, Mr. Smith suffered the following injuries:

1. Mildly depressed fractures on the orbital floor;
2. Mildly depressed fractures on left orbital wall;
3. Small displaced fracture of the anterior wall of the right maxillary sinus;
4. Mildly displaced nasal fractures;
5. Bilateral periorbital contusion;
6. Right cheek contusion

12.

Mr. Smith has had continued therapy for both his physical and mental injuries as a result of Johnson's criminal acts.

**FACTUAL ALLEGATIONS SURROUNDING EMPLOYMENT, TRAINING, SUPERVISION, AND DISCIPLINE OF DEFENDANT AARON JOHNSON**

13.

The East Baton Rouge Parish utilizes and employs its own sheriff department known as the East Baton Rouge Sheriff's Office (EBRSO). The Sheriff at all relevant times before, during, and after this incident was Sheriff Sid Gautreaux, making him the responsible decisionmaker and policymaker for the EBRSO.

14.

The beating, misrepresentations, and illegal conduct sued upon herein occurred in the East Baton Rouge Parish Prison, and in the exclusive territorial jurisdiction of the EBRSO.

15.

In Sheriff Gautreaux's official capacity, he was and is responsible for adopting, implementing, promulgating, and enforcing policies, customs, and practices pertaining to making arrests and preserving peace in the Parish of East Baton Rouge.

16.

Additionally, Sheriff Gautreaux is responsible for the screening, hiring, disciplining, training, supervising, and the retraining of East Baton Rouge Parish Sheriff Officers to ensure each officer was and is qualified and properly trained to perform the duties and functions of a peace officer including making arrests, preserving the peace, and the constitutional use of force.

17.

Based on the extreme misconduct of Defendant Johnson and upon information and belief, Defendants, Gautreaux and EBRSO, did not properly examine and scrutinize the background of the Defendant Johnson.

18.

Based on the extreme misconduct of Defendant Johnson and upon information and belief, Defendants Gautreaux and EBRSO did not properly train, supervise, and/or discipline Defendant Johnson with regard to proper police practices.

19.

Upon information and belief, in willful, reckless, and callous disregard to Mr. Smith's life and rights under federal and state law, Defendants Gautreaux and EBRSO did not properly train Deputy Johnson in accordance with the following EBRSO "Use of Force Policies"

20.

Defendant Aaron Johnson's extreme misconduct was a product of this environment and undertaken pursuant to de facto policies, practices, and/or customs—both written and unwritten— of the EBRSO and the Parish of East Baton Rouge. Defendants Gautreaux and EBRSO are guilty of the following wrongful acts, including but not limited to:

1. Failing to properly hire, supervise, and train EBRSO Officers;
2. Failing to reprimand and discipline EBRSO Officers who engage in misconduct;
3. Failing to retrain and/or otherwise control EBRSO Officers who engage in excessive force and/or unjustified shooting against civilians;
4. Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;
5. Failing and inadequately investigating complaints and allegations of excessive force and other misconduct by EBRSO Officers;
6. Tacitly approving of EBRSO Officers using their power and position to interfere with other citizens' rights;
7. As a matter of both policy and practice the Parish of East Baton Rouge and the EBRSO facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Parish agents, servants, and employees in its Sheriff Department

21.

As a direct result and proximate result of the conduct of Defendants, Plaintiff suffered and continues to suffer extraordinary damages, including the prolonged loss of liberty, emotional distress, and trauma, loss of the enjoyment of life, psychological harm, and pain and suffering, some of which may be permanent, as well as financial losses.

## CAUSES OF ACTION

### Count I

**Plaintiff v. Defendant Aaron Johnson and Defendant Gautreaux Federal Constitutional Claims**

22.

The actions of Defendant Aaron Johnson and Defendant Gautreaux, violated Mr. Smith's rights under the Fourth and

Fourteenth Amendments to be free from the unlawful use of force.

## Count II

**Plaintiff v. Defendant Gautreaux and Defendant EBRSO Federal Constitutional Claims**

23.

The actions or inactions of Defendant Gautreaux and Defendant EBRSO violated Mr. Smith's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, directly or proximately causing his death suffered due to Defendant Gautreaux and Defendant EBRSO failure to train, supervise, and discipline Aaron Johnson.

24.

The actions or inactions of Defendant Gautreaux and Defendant EBRSO violated Mr. Smith's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution directly or proximately, causing Mr. Smith's injuries by creations of or failure to correct unconstitutional policies, practices, patterns, and/or customs.

## Count III

**Plaintiff v. Defendant the EBRSO Federal Constitutional Claims**

25.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Plaintiff's damages, and/or the conduct of the individual Defendants were directly and proximately caused by the actions and/or inactions of the Defendant the Parish of East Baton Rouge, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a.    Use of force by police officers;

      b.      Police officers' duties and responsibilities to engage in proper investigative techniques;

      c.      The proper exercise of police powers, including not limited to the making of an arrest and the use of force;

      d.      Sheriff Deputies duties not to un-necessarily beat defendants with blunt force objects;

      e.      Sheriff Deputies duties not to un-necessarily use force;

      f.      The monitoring of deputies whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

      g.      The failure to identify and take remedial or disciplinary action against deputies who were the subject of prior civilian or internal complaints of misconduct;

      h.      Failing to retrain and/or otherwise control deputies who engage in excessive force and/or unjustified shooting against civilians;

      i.      Failing to follow appropriate policies and procedures to address and correct repeated use of excessive force;

      j.      The hiring and retention of deputies who are unqualified for their employment positions;

      k.      Sheriff Deputies use of their status as deputies to employ the use of force or to achieve ends not reasonably related to their law enforcement duties;

      l.      The failure of sheriff deputies to follow established policies, procedures, directive, and instructions regarding arrests, use of force, and institution of criminal charges under such circumstances as presented by this case;

      m.      The failure to properly sanction or discipline deputies who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other East Baton Rouge Parish Sheriff Officers;

      n.      As a matter of both policy and practice the Parish of East Baton Rouge and the EBRSO facilitating this type of misconduct by failing to protect civilians from reckless indifference of Defendant's Parish agents, servants, and employees in its Sheriff's Department

## Count IV

**Plaintiff v. Defendants Aaron Johnson, Gautreaux, and EBRSO State Law Claims**

26.

The Plaintiffs allege that the Defendants are responsible and liable under Louisiana Code of Civil Procedure Articles 2315 and 2317, which requires that every act whatever man that causes damage obligates him by whose fault it is to repair it; and individuals are responsible not only for damage occasioned by their own acts, but also for damage caused by acts of persons for whom the individual is answerable, or of the thing which the individual has in his custody.

27.

The actions and/or inactions of Defendant Aaron Johnson the law of the State of Louisiana, constitute the torts of:

- a. Aggravated Battery;
- b. Aggravated Assault;
- c. Negligent Infliction of Emotional Distress;
- d. Abuse of Process;
- e. Intentional Infliction of Emotional Distress

28.

The actions and/or inactions of Defendants Gautreaux and the EBRSO, under the law of the State of Louisiana, constitute the torts of:

- a. Aggravated Assault;
- b. Negligent Infliction of Emotional Distress;
- c. Negligent Hiring;
- d. Aggravated Battery;
- e. Negligent Supervision;
- f. Abuse of Process

29.

Plaintiff requests a jury trial.

30.

The Plaintiffs respectfully request:

  a. Compensatory damages as to all Defendants;
  b. Special Damages as to all Defendants;
  c. Punitive damages as to Defendants Aaron Jones, Gautreaux, and EBRSO;
  d. Reasonable attorneys' fees and costs as to all Defendants;
  e. Such other and further relief as may appear just and appropriate

WHEREFORE, Joshua Smith, prays that a copy of the above petition is served upon all of the Defendants named herein, and that after all due proceedings, a judgment is rendered in favor of Plaintiff and against Defendants for all relief deemed equitable under the law including attorney's fees and costs.

            /s/ Ronald S. Haley, Jr.
            Ronald S. Haley, Jr. (#30900)
            HALEY & ASSOCIATES
            ATTORNEYS AT LAW, LLC
            8211 Goodwood Blvd Suite E
            Baton Rouge, LA 70806
            Office:  225-663-8869
            Facsimile: 888-900-9771
            rhaley@ronaldhaleylawfirm.com