UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA SMITH** | **CIVIL ACTION NO.: 3:24-CV-00240-SDD-EWD** |
| V. | |
| **SID GAUTREAUX, III, IN HIS CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH, EAST BATON ROUGE SHERIFF'S OFFICE AND AARON JOHNSON** | **JUDGE: JOHN W. deGRAVELLES**  **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

Sid Gautreaux, III, in his capacity as Sheriff of East Baton Rouge Parish, ("Sheriff Gautreaux") respectfully submits this Memorandum in Support of Motion to Dismiss. For the reasons more fully set forth below, the claims asserted by Plaintiff against Sheriff Gautreaux should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) for failure to timely serve.

**I.      Preliminary Statement**

Plaintiff, Joshua Smith, through undersigned counsel, filed a Petition for Damages in this Court on March 25, 2024, in connection with an alleged incident that occurred on March 26, 2023. (Doc. 1). Plaintiff named as defendants Sid Gautreaux in his capacity as Sheriff of East Baton Rouge, East Baton Rouge Parish Sheriff Office, and Aaron Johnson. Summons were issued on April 9, 2024. (Doc. 12).

On July 3, 2024, Magistrate Judge Erin Wilder-Doomes issued an order to show cause. (Doc. 14). Specifically, the order required Plaintiff to "show cause why claims against all defendants should not be dismissed pursuant to Local Civil Rule 41(b)(1)(A) and (B)" and set a show cause hearing for July 17, 2024.

On July 10, 2024, Plaintiff filed a Response to the Show Cause Order. (Doc. 15). Plaintiff indicated his counsel had contacted counsel at Erlingson Banks on May 3, 2024, about service, and Tara Johnston of Erlingson Banks responded on May 6, 2024, agreeing to accept service on behalf of Sheriff Gautreaux only. (Doc. 15, ¶¶ 1-2). Plaintiff also indicated his counsel provided a copy of the complaint and waiver to Tara Johnston via email on July 10, 2024.[1] (Doc. 15, ¶ 6).

Plaintiff also filed a Motion for Extension of Time to serve defendants on July 10, 2024. (Doc. 16). On July 12, 2024, this Court determined the Motion for Extension of Time did not comply with Local Civil Rule 7(e) and ordered Plaintiff to supplement the motion with the required certificate stating the position of the other parties having an interest to oppose the relief sought in the Motion by July 15, 2024. (Doc. 17).

Plaintiff did not comply with the Court's order. Accordingly, on July 23, 2024, this Court ordered Plaintiff to appear through counsel and show cause as why claims should not be dismissed pursuant to Fed. R. Civ. Proc. 4(m) and Local Civil Rules 41(b)(1)(A) and (B). (Doc. 18). A Show Cause Hearing was set for September 4, 2024, and a show cause response was due by August 29, 2024. There is no indication that counsel for Plaintiff complied with the July 23, 2024 order. No show cause response was filed. There is no record of the Show Cause hearing proceeding on September 4, 2024.

More than a year later, on September 12, 2025, this Court issued an Order to Ron Haley, Jr. to file a notice containing Plaintiff's last known mailing address and telephone number by September 26, 2025, or face sanctions, in light of Mr. Haley's suspension by the Louisiana Supreme Court. (Doc. 19). Mr. Haley did not comply with this Order either.

---

[1] July 10, 2024 was 107 days after the Complaint was filed.

On September 29, 2025, this Court, after considering Mr. Haley's suspension and failure to comply with Court orders, ordered this matter to be stayed and administratively terminated without prejudice. (Doc. 20).

Over three months later, a Motion to Substitute Counsel was filed by Lawrence Blake Jones and Patrick Eskew of the Blake Jones Law Firm, LLC, on December 31, 2025. (Doc. 21). The Motion was granted adding them as counsel for Plaintiff on January 7, 2026. (Doc. 22). Substituted counsel for Plaintiff thereafter filed a Motion to Lift Stay and Reopen Proceedings on January 8, 2026. (Doc. 23). While the Motion to Lift Stay and Reopen Proceedings was pending, Plaintiff served purported Defendants Sheriff Sid Gautreaux and East Baton Rouge Parish Sheriff Office on January 13, 2026.[2]

## II.     Law and Argument

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a civil action may be dismissed for insufficient service of process. Service upon purported defendant, Sid Gautreaux in his capacity as Sheriff of East Baton Rouge, was not timely.

### A.  Dismissal is required under Rule 12(b)(5) and Rule 4(m) for untimely service.

Fed. R. Civ. P. Rule 12(b)(5) provides for the dismissal of a claim if service of process was not timely made in accordance with Rule 4. Specifically, Rule 4(m) requires a plaintiff to serve each defendant within 90 days after filing the complaint. If service is not timely made, the Court— on motion or on its own after notice—must dismiss the action without prejudice or order service within a specified time. Fed. R. Civ. P. 4(m).

### B.  Plaintiff cannot demonstrate good cause for failure to timely serve.

If the Plaintiff demonstrates good cause for the failure to timely serve process, the Court

---

[2] This service is 659 days after the Complaint was filed, or 569 days late.

must provide an appropriate extension of time for service. Fed. R. Civ. P. 4(m). A showing of good cause requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[3] "Additionally, some 'showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'"[4]

In *Kersh v. Derozier*, the plaintiff failed to serve the complaint within 120 days[5] after filing on defendants.[6] One defendant, Derozier, properly asserted a motion to dismiss for failure to timely serve the complaint. In response to Derozier's motion to dismiss, the plaintiff asserted that he believed that the clerk's office would serve the complaint and this belief was "good cause" under Rule 4(j) for failing to serve within 120 days of the filing of suit to avoid dismissal.[7] The district court found that "the plaintiff's delay in serving the defendant was due to a serious but understandable mistake by a *pro se* litigant." Derozier appealed. The court of appeal reversed, relying on *Winters*[8] to shed light on whether this misunderstanding by a *pro se* litigant on the process for serving the complaint resulted in good cause:

> [G]ood cause ... would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the parties seeking enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required.[9]

The court in *Kersh* further looked to the definition of "excusable neglect," relying on *Birl v. Estelle*.[10] In *Birl*, a *pro se* litigant failed to file his notice of appeal within the thirty days allowed.

---

[3] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985); *System Signs Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).
[4] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citation omitted).
[5] Federal Rule of Civil Procedure 4(m) previously provided 120 days to effect service.
[6] *Kersh v. Derozier*, 851 F.2d 1509 (5th Cir. 1988).
[7] Federal Rule of Civil Procedure 4(j) is now Rule 4(m).
[8] *Winters*, 776 F.2d at 1306.
[9] *Kersh*, 851 F.2d at 1512.
[10] *Birl v. Estelle*, 660 F.2d 593 (5th Cir. 1981).

4

The court reasoned that since *Birl* was proceeding *pro se*, the question of timely filing should be resolved in his favor.[11] The Fifth Circuit Court of Appeal reversed, noting that "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. The burden of establishing excusable neglect is upon the appellant, even one proceeding *pro se*.... Our circuit's rule is that the excusable neglect standard is a strict one . . . requiring more than mere ignorance."[12]

The Fifth Circuit in *Kersh* ultimately held the fact that the *pro se* litigant was unaware that the clerk would not serve the complaint was not good cause pursuant to Rule 4(j). The court stated, "[t]o hold that a *pro se* litigant's ignorance of Rule 4(j) excuses his compliance with the rule would automatically excuse his failure to serve his defendants timely. As the Ninth Circuit has written, 'to hold that complete ignorance of Rule 4(j) constitutes good cause for untimely service would allow the good cause exception to swallow the rule.'"[13] The court in *Kersh* concluded that the plaintiff's claims against Derozier that were not served within 120 days of the filing of the complaint must be dismissed for insufficient service of process.

Plaintiff herein cannot demonstrate good cause for failing to timely effect service. There is no showing of diligence, good faith effort, or reasonable justification for failing to serve, or even attempting to serve Sheriff Gautreaux for nearly two years after the Complaint was filed.

**C. A discretionary extension is not warranted.**

Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service.[14] A discretionary extension may be warranted, "for example, if the applicable statute

---

[11] *Birl*, 660 F.2d at 593.
[12] *Id.*
[13] *Kersh*, 851 F.2d at 1512 (quoting *Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)).
[14] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

5

of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."[15]

When dismissal will likely bar future litigation due to the applicable statute of limitations, dismissal is reviewed under a heightened standard.[16] Specifically, a court must find at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.[17] "A district court's 'dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff' exists and a lesser sanction would not better serve the interests of justice."[18]

The Fifth Circuit explained that "[a]lthough the heightened standard of review is generally applied to dismissals for failure to prosecute after the defendant has been served, [the Fifth Circuit has] also used it to review dismissals for failure to prosecute where the underlying basis was untimely or insufficient service."[19] The Fifth Circuit has recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'"[20] The Fifth Circuit's precedents have generally reserved dismissals with prejudice for "egregious and sometimes outrageous delays."[21]

In *Gartin v. Par Pharm. Co.*, the Fifth Circuit affirmed the district court's rejection of Plaintiff's "good cause" argument.[22] In *Gartin*, the plaintiffs did not serve the defendant, Par Phamaceutical, Inc., until approximately seven months after the complaint was filed, and the

---

[15] *Millan v. USAA GIC*, 546 F.3d 321, 326-327 (5th Cir. 2008) (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).
[16] *Id.* at 326.
[17] *Id.*
[18] *Id*.
[19] *Id.*
[20] *Id.* at 326-327 (citing *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988) (quoting *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir. 1987))).
[21] *Millan*, 546 F.3d at 327 (citing *Rogers v. Kroger Co*., 669 F.2d 317, 321 (5th Cir. 1982)).
[22] *Gartin v. Par Pharm. Co.*, 289 F. App'x 688 (5th Cir. 2008).

district court determined the delay of seven months was excessive.[23] Additionally, the defendant argued it was prejudiced by the seven-month delay between service and filing. The complaint was filed one day before the statute of limitations expired and then the plaintiff waited another seven months to serve the defendant. The Fifth Circuit agreed:

> To permit a delay in service when the complaint is served immediately prior to the running of the statute of limitations undercuts the purposes served by the statute. Once the statute has run, a potential defendant who has not been served is entitled to expect that he will no longer have to defend against the claim. If service can be delayed indefinitely once the complaint is filed within the statutory period, these expectations are defeated and the statute of limitations no longer protects defendants from stale claims.[24]

In *Thrasher v. City of Amarillo*, the Fifth Circuit affirmed the district court's dismissal of a suit for failure to show good cause for the delay in perfecting service and also reviewed dismissal under a heightened standard.[25] Thrasher did not properly serve the defendants until almost ten months after suit was filed.

In this case, the Complaint was filed on March 25, 2024, one day before the statute of limitations expired, and summons were issued on April 9, 2024. Service was not made, or even attempted, on Sheriff Gautreaux until January 13, 2026, nearly twenty-two months after the Complaint was filed, or 569 days late, despite prompting from this Court. The delay was excessive, reflects prolonged inactivity, is prejudicial, and undermines the very purposes of the statute of limitations. Under any Fifth Circuit standard, this delay is excessive and unjustified.

### III. Conclusion

Given the absence of good cause, the extraordinary length of delay, and the prejudice inherent in filing on the eve of prescription and then failing to serve for nearly two years, dismissal

---

[23] *Gartin*, 289 F. App'x at 692.
[24] *Gartin*, 289 F. App'x at 694 (citing *Veazey v. Young's Yacht Sale & Serv., Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)).
[25] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511, 513 (5th Cir. 2013).

under Rule 12(b)(5) is warranted. Thus, Sid Gautreaux, III, in his capacity as Sheriff of East Baton Rouge Parish, prays that after all due proceedings be had, this Rule 12(b)(5) Motion to Dismiss be granted, and the claims against him be dismissed for insufficient service of process.

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

s/Tara L. Johnston
MARY G. ERLINGSON (#19562)
TARA L. JOHNSTON (#28100)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70825
Telephone: (225) 218-4446
Facsimile: (225) 246-2876

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Memorandum in Support of Rule 12(b)(5) Motion to Dismiss has been served on counsel for all parties in this proceeding via the court's electronic service this 3rd day of February, 2026. Notice of this filing will be sent by operation of the court's electronic filing system to counsel of record.

Baton Rouge, Louisiana, this 3rd day of February, 2026.

s/Tara Johnston
Tara Johnston