UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOSHUA SMITH**

                                     **CIVIL ACTION**

**VERSUS**

                                     **NO. 24-240-JWD-EWD**

**SID GAUTREAUX III, in his capacity as
Sheriff of East Baton Rouge Parish, et al.**

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 29) filed by Defendant Sid Gautreaux, III, in his capacity as Sheriff of East Baton Rouge Parish ("Gautreaux"). Plaintiff Joshua Smith opposes the motion. (Doc. 36.) No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Gautreaux's motion is denied.

I.    **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This is a § 1983 case. Plaintiff claims that, on March 26, 2023, defendant deputy Aaron Johnson smashed his face with a  metal folding chair while Plaintiff was in the custody of the East Baton Rouge Sheriff's Office ("EBRSO"). (*Compl.* ¶¶ 4–6 , Doc. 1.) Plaintiff claims that Johnson used excessive force. (*Id.* ¶ 22.) Plaintiff further claims that Gautreaux is liable for failing to train, supervise, and discipline Johnson and for unspecified unconstitutional polices, practices, and customs. (*Id.* ¶¶ 23–24.)

Plaintiff filed suit on March 25, 2024. (*Compl.*, Doc. 1.) He was represented by Ronald Haley. (*See id.* at 9.) Haley's filing was marked by the Clerk's Office with a number of deficiencies, including failing to provide a certificate of interested persons, (Doc. 2); failing to pay the filing fee, (Doc. 4); and having landscaped page orientation on his complaint, (Doc. 5).

On July 3, 2024, the Magistrate Judge issued a rule to show cause why Plaintiff's claims should not be dismissed pursuant to Local Civil Rule 41(b)(1)(A) and (B) for failure to prosecute. (Doc. 14.) Haley responded, (Doc. 15), and filed a motion for extension of time to serve defendants, (Doc. 16). The Magistrate Judge responded: (1) on July 12, 2025, by ordering Plaintiff to file the required certificate indicating whether those with an interest in the motion opposed its filing, (Doc. 17); and (2) on July 23, 2024, by noting Plaintiff had not responded to the previous order and by ordering Plaintiff to appear and show cause why his action should not be dismissed under Fed. R. Civ. P. 4(m) and the above local rules, (Doc. 18).

In September 2025, the Magistrate Judge then filed two more orders in light of Haley's now well-known suspension from the practice of law. (Docs. 19, 20; *see also Baton Rouge Lawyer Ron Haley Suspended Again, Will Have to Reapply for Reinstatement Next Year,* WBRZ (Sept. 11, 2025), https://www.wbrz.com/news/baton-rouge-lawyer-ron-haley-suspended-again-will-have-to-reapply-for-reinstatement-next-year). Specifically, she (1) ordered Haley to provide Plaintiff's last known address, (Doc. 19); and (2) stayed and administratively closed the case, (Doc. 20).

On December 31, 2025, current Plaintiff's counsel filed a motion to substitute themselves as counsel for Plaintiff. (Doc. 21.) This motion was granted on January 7, 2026. (Doc. 22.) These attorneys then filed a motion to lift the stay and reopen the proceedings, (Doc. 23), which was granted, (Doc. 24).

Plaintiff next filed a motion for extension of time to serve the defendants. (Doc. 25). Magistrate Judge Wilder-Doomes granted the motion with the following order:

> ORDER granting the [25] Motion for Extension of Time to Serve Defendants, filed by Plaintiff Joshua Smith. Irrespective of whether good cause exists for an extension under Rule 4(m) of the Federal Rules of Civil Procedure, "the court has the discretion to extend the

time for service." Williams v. Zordan, No. CV 21-1061, 2023 WL 6451111, at *7 (W.D. La. Sept. 29, 2023), citing Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008). Such a "discretionary extension" may be warranted when the statute of limitations would bar the refiling of the action, which is likely the case here. Furthermore, it appears that Plaintiff's former counsel, who has since been suspended from the practice of law, is to blame for the failure of service. While there is no excuse for counsel's lack of knowledge and/or repeated non-compliance with the Federal Rules of Civil Procedure, the Court does not find that denial of the Motion, which would effectively foreclose Plaintiff from asserting his claims, is the appropriate remedy under these circumstances. Accordingly, on or before February 26, 2026, Plaintiff Johsua Smith shall file into the record adequate service information or waivers of service from Defendants. Failure to timely comply may result in dismissal of this case without further notice. Signed by Magistrate Judge Erin Wilder-Doomes on 1/12/2026. (This is a TEXT ENTRY ONLY. . . . ) . . . (Entered: 01/12/2026)

(Doc. 26). Three days later, Plaintiff filed the returned, executed summons for Gautreaux and the

EBRSO. (Docs. 27, 28.)

Gautreaux now files the instant *Motion to Dismiss* pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(5). (Doc. 29.) In sum, Gautreaux argues that the claims against him

should be dismissed for failure to timely serve. (Doc. 29-1 at 1.)

## II.    RULE 12(B)(5) STANDARD

Rule 12(b)(5) allows a party to move to dismiss for insufficient service of process. The

party making service has the burden of demonstrating its validity when an objection to service is

made. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal

Carribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). Proper service of process is

an essential part of the procedure for establishing and proving personal jurisdiction. *Carimi*, 959

F.2d at 1347; *see also Delta S.S. Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir. 1985). In the absence

of valid service of process, proceedings against a party are void. *Aetna Business Credit, Inc. v.

Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). The district court has

broad discretion in determining whether to dismiss an action for ineffective service of process. *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986).

## III.    DISCUSSION

### A.  Parties' Arguments

Gautreaux seeks dismissal because: (1) service was untimely under Rule 4(m); (2) Plaintiff cannot demonstrate good cause for the failure to timely serve; and (3) a discretionary stay is not warranted. (Doc. 29-1 at 1–5.) On this third issue, Gautreaux notes that, when dismissal will bar future actions because of the statute of limitations, the Court must find at least one of three aggravating factors, one of which is prejudice to Defendant. (*Id.* at 6.) Here, service was not made until 569 days after the complaint was filed; "[t]he delay was excessive, reflects prolonged inactivity, is prejudicial, and undermines the very purposes of the statute of limitations." (*Id.* at 7.) Thus, Gautreaux says, the Court should dismiss Plaintiff's claims. (*Id.* at 7–8.)

Plaintiff opposes the motion. (Doc. 36.) According to Plaintiff, "[t]he Magistrate Judge's decision was well within the Court's broad discretion under Rule 4(m)." (*Id.* at 2.) Plaintiff goes on to explain why good cause exists, (*id.* at 3–4), before emphasizing that the heightened standard for dismissal was not satisfied. (*Id.* at 4–5.) Plaintiff explains that he was not at fault, and the delay was not caused by his conduct. (*Id.*) Defendant suffered no prejudice either; defense counsel was contacted about service as early as May 3, 2024, and she agreed to accept service on Gautreaux's behalf on May 6, 2024. (*Id.* at 5.) "The only prejudice alluded to by the Defendant is the length of time between filing of the petition and service. Defendant has not identified any lost evidence, faded memories, unavailable witnesses, or any other concrete prejudice resulting from the service delay." (*Id.*) Plaintiff concludes by distinguishing Gautreaux's cases on the grounds that here, there

4

was a cause for the delay because of Haley's suspension and failure to communicate with his client. (*Id.* at 6.)

### B. Applicable Law

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

"[A] district court enjoys discretion under Rule 4(m) to extend the time for service even when a plaintiff fails to show good cause." *U.S. ex rel. Bowman v. Comput. Learning Ctrs.*, 73 F. App'x 735, 736 (5th Cir. 2003) (per curiam) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). *See also id.* ("If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." (quoting *Thompson*, 91 F.3d at 21)) (quoted with approval by *Bowman*, 73 F. App'x at 736)). *See also Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) ("even if good cause is lacking, the court has discretionary power to extend time for service." (citing *Thompson*, 91 F.3d at 21)).

"Such relief may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Newby*, 284 F. App'x at 149 (quoting Fed. R. Civ. P. 4, advisory committee's note (1993)). *See also Jones v. La. State Bd. of Priv. Sec. Examiners*, No. 22-258, 2023 WL 7026929, at *5 (M.D. La. Oct. 25, 2023) (deGravelles, J.) (declining to dismiss with prejudice when "[a]ny dismissal here would be, as a practical matter, with prejudice, preventing Plaintiff from seeking relief"). *See also* 4B Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* §

1137 (4th ed. 2025) ("Several courts have elaborated what factors will be considered when determining whether to dismiss an action or grant an extension of time. Of these factors, courts place the most emphasis on a statute of limitations bar.").

Additionally, "where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) (citing *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976)). "Dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," so the Fifth Circuit "has limited district court's discretion to dismiss claims with prejudice." *Id.* (cleaned up) *"A district court's 'dismissal with prejudice is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists and a "lesser sanction would not better serve the interests of justice."'" Id.* (quoting *Gray v. Fid. Acceptance Corp.,* 634 F.2d 226, 227 (5th Cir.1981) (quoting *Durham v. Fla. East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967), and *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970))). "Additionally, where [the Fifth Circuit] has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

"Delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Id.* at 326–27 (cleaned up). Dismissal with prejudice is general reserved for "egregious and sometimes outrageous delays." *Id.* at 327 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "In short, these are cases where the plaintiff's conduct has threatened the integrity of the judicial

process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Id*. (quoting *Rogers*, 669 F.2d at 321).

Further, "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Id.* (cleaned up)

As to the aggravating factors, prejudice requires more than simply having to defend the case on the merits and possibly pay damages. *See id.* Likewise, a party is not prejudiced if it was "apprised of this matter" through service of a later complaint at the correct address. *See Williams v. Ass'n De Prevoyonce Interentreprises*, No. 11-1664, 2013 WL 394026, at *1 (E.D. La. Jan. 30, 2013). *See also Fetty v. La. State Bd. of Priv. Sec. Examiners*, 611 F. Supp. 3d 230, 241 (M.D. La. 2020) (deGravelles, J.) (relying on *Williams* and exercising discretion under Rule 4(m) for similar reasons).

### C. Analysis

There's no dispute that dismissal will likely result in Plaintiff's case being barred by the statute of limitations. The sole issue before the Court is whether the heightened standard for dismissal with prejudice has been met.

Having carefully considered the matter, the Court finds that it has not; while the delays in this case have been significant, none of the aggravating factors identified by the Fifth Circuit in *Millan* are present here. As the Magistrate Judge found, Plaintiff's former counsel Ronald Haley is responsible for the delays in this action, and the numerous deficiencies and errors Haley committed from the filing of the complaint to his suspension underscore this point. (*See* Docs. 2, 4, 5, 14, 16.) Current counsel accomplished service within a little over a week from his enrollment. (Docs. 22, 25–28.) Moreover, there is no showing that such delays by Haley were intentional or

anything other than the result of his gross negligence. *See Beck v. ISC Constructors, LLC*, No. 1:14-CV-174, 2015 WL 1088846, at *6 (E.D. Tex. Mar. 4, 2015) (recommending that dismissal with prejudice was not warranted because "[t]here is no evidence here that the plaintiffs, as opposed to their attorneys, caused the delays in service. . . . While there is an indication of negligence and lack of diligence on the part of the plaintiffs' attorneys in perfecting their pleadings, following necessary procedural requirements and effectuating service properly, there is no showing that the delay was strategic or intentional.").

Further, Gautreaux has not shown such prejudice as to warrant dismissal of Plaintiff's claims with prejudice. Gautreaux acknowledges in his brief that he was provided with a copy of the complaint and waiver of service via email on July 10, 2024. (Doc. 29-1 at 2.)[1] Thus, as in *Williams* and *Fetty*, Gautreaux has been apprised of this matter for years. And while Gautreaux did not receive a copy of the complaint until 107 days after it was filed, "Defendant has not identified any lost evidence, faded memories, unavailable witnesses, or any other concrete prejudice resulting from the service delay." (Doc. 36 at 5.) Though there is some inherent prejudice in such a lengthy delay, *see Gartin v. Par Pharm. Co.*, 289 F. App'x 688, 694–95 (5th Cir. 2008) (citation omitted), "the undersigned is convinced that under the circumstances, the injustice to the defendant can be mitigated by corrective discovery orders and lesser sanctions which would serve to correct that prejudice." *Beck*, 2015 WL 1088846, at *6  (prejudice could be mitigated because "[i]t cannot be said that ISC [was] . . . completely without notice as to the general nature of the claims and the type of discovery involved" and because "no scheduling order [was] in place in the instant case and scheduling orders were only very recently issued in other cases against ISC" so "that there [would] be sufficient time and opportunity for ISC to engage in the necessary

---

[1] The Court greatly appreciates defense counsel's candor and professionalism in conceding this point. It is consistent with the firm's reputation and standing before this Court.

discovery"); *see also Millan*, 546 F.3d at 326 ("A district court's dismissal with prejudice is warranted only where . . . a lesser sanction would not better serve the interests of justice." (cleaned up)).

Gautreaux's caselaw does not alter the Court's conclusions. In *Gartin*, the Fifth Circuit found that "the district court did not abuse its discretion by refusing the [plaintiffs'] late request for an extension of time under Rule 4(m)." 289 F. App'x at 695. There, as here, plaintiffs "filed their complaint one day before the statute of limitations expired (approximately two years after their cause of action accrued). "They then waited another seven months to serve" this particular defendant. *Id.* at 694. The Fifth Circuit found that "[p]ermitting an extension after such a delay is prejudicial by its very nature." *Id.* The Fifth Circuit concluded, "This is a close case on the district court's exercise of discretion, but close cases do not prevent discretionary dismissal." *Id.* at 695.

*Gartin* does not warrant dismissal here. The Fifth Circuit concluded in *Gartin* that the district court did not abuse its discretion in a "close case," but that does not mean that the undersigned would abuse his discretion in reaching the opposite result in another "close case," particularly given (1) the fact that Gautreaux was given notice of this suit long ago, and (2) more importantly, the significant delay was caused almost exclusively by an attorney who has since been suspended and who has shown gross neglect during every part of his involvement in this case.

*Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013), is likewise distinguishable. There, the Fifth Circuit affirmed the district court's judgment and found no abuse of discretion in the district court dismissing plaintiff's claim. *Id.* at 514–15. The appellate court specifically found as an aggravating factor the fact that the plaintiff himself, who was pro se for most of the time in question, was responsible for the delay in service and that "his failure to effect timely service

9

cannot be attributed to his attorney's inaction[.]" *Id.* at 514. Here, conversely, Haley is the reason service was not accomplished timely.

Considering that "[d]ismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim,'" *Millan*, 546 F.3d at 326, and considering the general lack of any aggravating factors (or, at the very least, the fact that any prejudice can be mitigated), the Court will exercise its discretion and decline to dismiss Plaintiff's claim for insufficient service of process. Gautreaux's motion will be denied.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss* (Doc. 29) filed by Defendant Sid Gautreaux, III, in his capacity as Sheriff of East Baton Rouge Parish, is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 10, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

10